UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

PATRICK TORRES and DAVID CHAPERONE,                    **NOTICE OF REMOVAL**

                              Plaintiff,                    Docket
                                                    13CV

       - against -                    ECF Case

City of New York; Police Officer MICHAEL
WALSH, Shield No. 12054; and JOHN and JANE
DOE 1 through 10, individually and in their
official capacities the names John and Jane
Doe being fictitious, as the true names are
Presently unknown),

                                      Defendants.
-----------------------------------------------------------------------------x

       Defendant Police Officer MICHAEL WALSH ("Walsh"), by his attorney, MICHAEL A.

CARDOZO, Corporation Counsel of the City of New York, upon information and belief,

respectively petitions this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446(b)

as follows:

       1.     On or about January 25, 2013, plaintiffs PATRICK TORRES and DAVID

CHAPERONE ("plaintiffs") commenced the above-captioned civil action in the Supreme Court

of the State of New York, Kings County, under Index No. 500390/13, and of which a trial has

not yet been had therein.  A copy of the summons and complaint is annexed hereto as Exhibit A.

       2.     On January 30, 2013, defendant THE CITY OF NEW YORK ("City") received

personal service of a copy of plaintiffs' summons and complaint, and, on February 19, 2013, an

answer was duly interposed, a copy of which is annexed hereto as Exhibit B.

       3.     On or about March 14, 2013, plaintiffs served on defendant City a Bill of

Particulars, a copy of which is annexed hereto as Exhibit C.

4.      On October 9, 2013, a Preliminary Conference Order, dated October 7th, 2013, was filed in Kings County Supreme Court of the State of New York, a copy of which is annexed hereto as Exhibit D.

5.      The complaint alleges that on October 31, 2012 at approximately 11:58 p.m., while lawfully exiting 2750 West 33rd Street, Brooklyn, NY, plaintiffs were stopped without any probable cause or reasonable suspicion by several police officers, including defendant Walsh. See ¶¶ 15, 16 of Exhibit A.

6.      Defendant Walsh and other police officers then allegedly seized the plaintiffs, assaulted and battered them, and used excessive force to transport plaintiffs to a Key Foods grocery store located at 3485 Neptune Avenue, Brooklyn, NY. See ¶ 17 of Exhibit A.

7.      Plaintiffs were then allegedly falsely arrested by defendants, including defendant Walsh, on made up charges of having committed Burglary, Petit Larceny, Criminal Possession of Stolen Property, and Criminal Trespass, and subsequently incarcerated until November 9, 2012, when all charges were dismissed. See ¶¶ 19, 20, 24 of Exhibit A.

8.      As a result of the alleged use of excessive force, false arrest and malicious prosecution of plaintiffs by defendants, including defendant Walsh, plaintiffs are alleging claims under 42 U.S.C. § 1983, including the deprivation of their civil and constitutional rights as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. See ¶¶ 39, 42, 50(2nd), 53(2nd) of Exhibit A.

9.      Accordingly, this is a civil action over which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441. See, Bill Wolf Petroleum Corp. v. Port Wash. North, 489 F. Supp. 2d 203, 206 (E.D.N.Y. 2007).

10.     Since the state law claims arise out of a common nucleus of operative facts, both state and federal allegations form part of the same case or controversy under Article III of the United States Constitution, and supplemental jurisdiction is therefore appropriate.  28 U.S.C. § 1367(a).  See also, Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F.2d 1228, 1247 (2d Cir. 1979).

11.     This Notice of Removal is timely filed, as upon information and belief, Defendant Walsh has not yet been served with Complaint, and therefore his thirty (30) day time limit from service has yet to begin running pursuant to 28 U.S.C. § 1446(b).  See, Lothian Cassidy LLC v. Ransom, 428 B.R. 555, 558-560 (E.D.N.Y. 2010); Ingenito v. Riri USA, Inc., 2011 U.S. Dist. LEXIS 108082 (E.D.N.Y. Aug. 9, 2011).  See also, Pietrangelo v. Alvas Corp., 686 F.3d 62, 65 (2d Cir. 2012).

12.     In the instant matter, since both defendants the City and Walsh are represented by the New York City Law Department, by the filing of the within Notice of Removal, defendant the City has expressly provided its consent through counsel for defendant Walsh to remove this action to the United States District Court of the Eastern District of New York.  See, 28 U.S.C. § 1446(b)(2)(A); see also, Park v. McGowan, 2011 U.S. Dist. LEXIS 121128 (E.D.N.Y. 2011) (separate consents are not required for those defendants who are represented by the same attorney).

13.     Attached to this Notice, and by reference made a part hereof, are true and correct copies of all known pleadings, process and orders filed herein.  See Exhibits A-D.

14.     Lastly, as named defendant "JOHN and JANE DOE" police officer defendants have not been identified, much less served, and, as such, need not consent to the removal of this

action.  See, 28 U.S.C. § 1446(b) (the non-joining defendants have not been served with service of process at the time the removal petition is filed).

**WHEREFORE**, defendant Walsh respectfully requests that the instant action now pending before Supreme Court of the State of New York, Kings County, be removed to the United States District Court of the Eastern District of New York, and for such other and further relief as this Court deems proper and just.

Dated: New York, New York
       November 20, 2013

                                MICHAEL A. CARDOZO,
                                Corporation Counsel of the City of New York
                                Attorney for the City of New York and Police
                                Officer Michael Walsh
                                100 Church Street
                                New York, NY 10007
                                (212) 356-3157
                                ewest@law.nyc.gov

                        By:     _____

                                ERIC H. WEST  (EW3000)
                                Special Assistant Corporation Counsel


TO:    ROBERT MARINELLI, ESQ.
       Attorney for the Plaintiffs
       299 Broadway, Suite 1501
       New York, New York 10007
       phone: 212-822-1427
       fax: 212-202-9646